IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LA TOYA HUGHES | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION No.4:23-cv-875 |
| | ) | |
| WHATABURGER | ) | JURY |
| RESTAURANTS, LLC, D/B/A | ) | |
| WHATABURGER, | ) | |
|     Defendant. | ) | |

---

## DEFENDANT'S ANSWER AND DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendant Whataburger Restaurants, LLC d/b/a Whataburger ("Whataburger" or "Defendant"), files its Answer and Defenses to Plaintiff's Complaint, and respectfully shows the following:

### A. ANSWER TO PLAINTIFF'S COMPLAINT

The allegations in Plaintiff's Complaint are hereinafter answered by correspondingly numbered paragraphs below.

Defendant denies any allegations contained in Plaintiff's introductory paragraphs on pages 1 and 2 of Plaintiff's Original Complaint.

### I.       PARTIES, JURISDICTION, AND VENUE

1.      Upon information and belief, Defendant admits the allegations of Paragraph 1 of Plaintiff's Complaint.

2.      Defendant admits the allegations of Paragraph 2 of Plaintiff's Complaint.

3.      Defendant denies that it engaged in, whether in the past or currently, any unlawful employment practices.

4.      Defendant admits the allegations of Paragraph 4 of Plaintiff's Complaint.

5.      Defendant admits that this Court has jurisdiction under 28 U.S.C. § 1331.

6.       Defendant admits that that venue is proper in the Northern District of Texas, Fort Worth Division.

## II.      FACTUAL BACKGROUND

7.      Defendant admits the allegations in Paragraph 7 of Plaintiff's Complaint.

8.      Defendant admits the allegations in Paragraph 8 of Plaintiff's Complaint.

9.      Defendant lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 9 of Plaintiff's Complaint, and therefore denies them.

10.     Defendant lacks sufficient information and knowledge to admit or deny when Plaintiff's daughter was diagnosed, but admits that it was aware that her daughter was diagnosed with disabilities.

11.     Defendant lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint, and therefore denies them.

12.     Defendant admits that Plaintiff informed it of her daughter's diagnosis but lacks sufficient information and knowledge to admit or deny whether Plaintiff informed it "immediately," and therefore denies it.

13.     Defendant admits that Plaintiff transferred from a store in Lancaster, Texas to a store in Arlington, Texas, but lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 13 of Plaintiff's Complaint, and therefore denies it.

14.    Defendant admits that Plaintiff transferred to a store in Fort Worth, Texas, but lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 14 of Plaintiff's Complaint and therefore denies them.

15.    Defendant admits that Plaintiff's supervisor was Area Coach Mark Shields and that Area Coach Preston Hughes also helped in her area but denies the remaining allegations in Paragraph 15 of Plaintiff's Complaint.

16.    Defendant admits that Plaintiff requested and received continuous FMLA leave to care for her daughter, but lacks sufficient information and knowledge to admit or deny the remaining allegations in Paragraph 16 of Plaintiff's Complaint, and therefore denies them.

17.    Defendant admits that Plaintiff also requested intermittent FMLA leave.

18.    Defendant admits that Plaintiff's intermittent leave was approved to cover the remaining weeks left in her FMLA leave, but denies the remaining allegations in Paragraph 18 of Plaintiff's Complaint.

19.    Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20.    Defendant denies that manager Sherrice Boykin was placed in Plaintiff's position as Operating Partner.  Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations in Paragraph 20 of Plaintiff's Complaint and therefore denies them.

21.    Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22.    Defendant admits that Mr. Shields requested Plaintiff get a full medical release for herself to return to work without restrictions, but denies that he was aware of the reason for Plaintiff's FMLA leave.

3

23.     Defendant admits the allegations in Paragraph 23 of Plaintiff's Complaint.

24.     Defendant lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 24 of Plaintiff's Complaint, and therefore Defendant denies them.

25.     Defendant lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 25 of Plaintiff's Complaint, and therefore Defendant denies them.

26.     Defendant admits that Plaintiff returned to work on June 14, 2022, but denies the remaining allegations in Paragraph 26 of Plaintiff's Complaint.

27.     Defendant lacks sufficient information and knowledge to admit or deny Plaintiff's vague allegation that she "had several discussions with Market Leader Melika Madison and HR employee Kishina Thomas," and therefore denies it.

28.     Defendant admits that Operating Partners are expected to be available to work "all shifts," which translates to 24 hours a day, and 7 days a week.  Defendant denies the remaining allegations in Paragraph 28 of Plaintiff's Complaint.

29.     Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30.     Defendant lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 30 of Plaintiff's Complaint, and therefore Defendant denies them.

31.     Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32.     Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33.     Defendant admits that it included a statement from Ms. Madison in its Position Statement, but denies the remaining allegations in Paragraph 33 of Plaintiff's Complaint.

34.     Defendant denies the allegation that there is "no requirement for Operating Partners to be available 24/7."  Defendant lacks sufficient information and knowledge to admit or

deny the remaining allegations in Paragraph 34 of Plaintiff's Complaint and therefore denies them.

35.     Defendant admits that it received a letter from Plaintiff's counsel alleging violations under the ADA, FMLA, and Texas Labor Code. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations in Paragraph 35 of Plaintiff's Complaint, and therefore denies them.

36.     Defendant admits that it received a letter from Plaintiff's counsel on July 26, 2022.

37.     Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38.     Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39.     Defendant admits the allegations in Paragraph 39 of Plaintiff's Complaint.

40.     Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41.      Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42.     Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43.     Defendant admits that Plaintiff was given a written warning on September 13, 2022 because her store was not meeting its goals.

44.     Defendant admits the allegations in Paragraph 44 of Plaintiff's Complaint.

45.     Defendant denies the allegations in Paragraph 45 of Plaintiff's Complaint.

46.     Defendant denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47.     Defendant denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48.     Defendant denies the allegations in Paragraph 48 of Plaintiff's Complaint.

49.     Defendant denies the allegations in Paragraph 49 of Plaintiff's Complaint.

50.     Defendant denies the allegations in Paragraph 50 of Plaintiff's Complaint.

51.     Defendant denies the allegations in Paragraph 51 of Plaintiff's Complaint.

52.    Defendant denies the allegations in Paragraph 52 of Plaintiff's Complaint.

53.    Defendant denies the allegations in Paragraph 53 of Plaintiff's Complaint.

54.    Defendant denies the allegations in Paragraph 54 of Plaintiff's Complaint.

55.    Defendant denies the allegations in Paragraph 55 of Plaintiff's Complaint.

56.    Defendant denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57.    Defendant denies the allegations in Paragraph 57 of Plaintiff's Complaint.

58.    Defendant denies the allegations in Paragraph 58 of Plaintiff's Complaint.

59.    Defendant admits that Plaintiff filed a Charge of Discrimination on October, 14, 2022.

60.    Defendant denies the allegations in Paragraph 60 of Plaintiff's Complaint.

61.    Defendant admits that it offered a manager role to Plaintiff.  Defendant denies the remaining allegations in Paragraph 61 of Plaintiff's Complaint.

62.    Defendant denies that it has been "trying to get [Plaintiff] to step down to [a manager role] because of her daughter since June."  Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations in Paragraph 62 of Plaintiff's Complaint and therefore denies them.

63.    Defendant denies the allegations in Paragraph 63 of Plaintiff's Complaint.

64.    Defendant denies the allegations in Paragraph 64 of Plaintiff's Complaint.

65.    Defendant denies the allegations in Paragraph 65 of Plaintiff's Complaint.

66.    Defendant denies the allegations in Paragraph 66 of Plaintiff's Complaint.

67.    Defendant denies the allegations in Paragraph 67 of Plaintiff's Complaint.

68.    Defendant denies the allegations in Paragraph 68 of Plaintiff's Complaint.

69.    Defendant denies the allegations in Paragraph 69 of Plaintiff's Complaint.

70.    Defendant denies the allegations in Paragraph 70 of Plaintiff's Complaint.

71.     Defendant denies the allegations in Paragraph 71 of Plaintiff's Complaint.

72.     Defendant denies the allegations in Paragraph 72 of Plaintiff's Complaint.

73.     Defendant admits the allegations in Paragraph 73 of Plaintiff's Complaint.

74.     Defendant admits that it stated that "Ms. Hughes chose to end her employment with Whataburger" in its position statement.  Defendant denies the remaining allegations in Paragraph 74 of Plaintiff's Complaint.

75.     Defendant admits that Plaintiff received a right to sue from the EEOC, but cannot admit or deny that "all conditions precedent to filing suit have been satisfied [or] fulfilled" as alleged in Paragraph 75 of Plaintiff's Complaint without further specificity and therefore denies it.

### III.     DISCRIMINATION IN VIOLATION OF THE ADAAA

76.     To the extent necessary, Defendant repeats and realleges its answers to the preceding paragraphs of Plaintiff's Complaint.

77.     Defendant admits the allegations in Paragraph 77 of Plaintiff's Complaint.

78.     Defendant denies the allegations in Paragraph 78 of Plaintiff's Complaint.

79.     Defendant denies the allegations in Paragraph 79 of Plaintiff's Complaint.

80.     Defendant denies the allegations in Paragraph 80 of Plaintiff's Complaint.

81.     Defendant denies the allegations in Paragraph 81 of Plaintiff's Complaint.

82.     Defendant denies the allegations in Paragraph 82 of Plaintiff's Complaint.

83.     Defendant admits that Plaintiff retained counsel to represent her in this action. Defendant admits that Plaintiff seeks the relief described in Paragraph 83, but Defendant denies that she is entitled to recover reasonable attorneys' fees, experts' fees, and costs.

84.    Defendant denies the allegations in Paragraph 84 of Plaintiff's Complaint.

85.    Defendant admits that Plaintiff seeks the relief described in Paragraph 86 of Plaintiff's Complaint, but Defendant denies that Plaintiff is entitled to any such relief, or to any other relief whatsoever, and denies any factual allegations contained within Paragraph 86 of Plaintiff's Complaint.

## IV.    RETALIATION IN VIOLATION OF THE FMLA

86.    To the extent necessary, Defendant repeats and realleges its answers to the preceding paragraphs of Plaintiff's Complaint.

87.    Defendant admits the allegations in Paragraph 87 of Plaintiff's Complaint.

88.    Defendant denies the allegations in Paragraph 88 of Plaintiff's Complaint.

89.    Defendant denies the allegations in Paragraph 89 of Plaintiff's Complaint.

90.    Defendant denies the allegations in Paragraph 90 of Plaintiff's Complaint.

91.    Defendant denies the allegations in Paragraph 91 of Plaintiff's Complaint.

92.    Defendant admits that Plaintiff retained counsel to represent her in this action. Defendant admits that Plaintiff seeks the relief described in Paragraph 92, but Defendant denies that she is entitled to recover reasonable attorneys' fees, experts' fees, and costs.

93.    Defendant admits that Plaintiff seeks the relief described in Paragraph 86 of Plaintiff's Complaint, but Defendant denies that Plaintiff is entitled to any such relief, or to any other relief whatsoever, and denies any factual allegations contained within Paragraph 93 of Plaintiff's Complaint.

## V.   <u>INTERFERENCE IN FMLA RIGHTS</u>

94.    To the extent necessary, Defendant repeats and realleges its answers to the preceding paragraphs of Plaintiff's Complaint.

95.    Defendant admits the allegations in Paragraph 95 of Plaintiff's Complaint.

96.    Defendant admits the allegations in Paragraph 96 of Plaintiff's Complaint.

97.    Defendant denies the allegations in Paragraph 97 of Plaintiff's Complaint.

98.    Defendant denies the allegations in Paragraph 98 of Plaintiff's Complaint.

99.    Defendant admits that Plaintiff retained counsel to represent her in this action.

100.   Defendant admits that Plaintiff seeks the relief described in Paragraph 100 of Plaintiff's Complaint, but Defendant denies that Plaintiff is entitled to any such relief, or to any other relief whatsoever, and denies any factual allegations contained within Paragraph 100 of Plaintiff's Complaint.

101.   Defendant admits that Plaintiff seeks the relief described in Paragraph 101 of Plaintiff's Complaint, but Defendant denies that Plaintiff is entitled to any such relief, or to any other relief whatsoever, and denies any factual allegations contained within Paragraph 101 of Plaintiff's Complaint.

## VI.   <u>JURY DEMAND</u>

102.   Defendant admits that Plaintiff demands a trial by jury, but Defendant denies either the facts or law entitle Plaintiff to maintain her claims and proceed to a trial by jury.

## VII.   <u>PRAYER</u>

103.   Defendant admits that Plaintiff prays for the relief requested in Paragraph 103 of Plaintiff's Complaint, but Defendant denies that Plaintiff is entitled to any such relief

or to any other relief whatsoever and denies any factual allegations contained in Paragraph 103 of Plaintiff's Complaint.

To the extent any allegation in Plaintiff's Complaint is not specifically admitted or denied above, Defendant denies it.

## B.     AFFIRMATIVE AND OTHER DEFENSES

1.     **Arbitration Agreement** – The factual allegations and claims contained in Plaintiff's Original Complaint are arbitrable and fall within the scope of a valid and binding arbitration agreement.

2.     **Fails to State a Claim** – Plaintiff's Original Complaint fails to state a claim, in whole or in part, on which this Court may grant relief.

3.     **Scope of Charge** – Plaintiff's claims under Chapter 21 of the Texas Labor Code are limited only to those claims alleged in her predicate charge of discrimination filed with the EEOC and/or the Texas Workforce Commission-Civil Rights Division ("TWC-CRD").

4.     **Notice of Right to Sue Limitation** – To the extent Plaintiff is attempting to seek relief for any alleged discriminatory conduct that occurred more than two years prior to her filing a charge of discrimination or for which a Notice of Right to Sue was issued by TWC-CRD more than sixty (60) days prior to the filing of the instant lawsuit, such claims and the relief for such claims are barred.

5.     **Policy Against Discrimination** – Defendant had and has in place a strong, officially-promulgated and user-friendly policy against unlawful discrimination that is designed to prevent and promptly correct any such behavior. Defendant also exercises reasonable care to prevent and promptly correct any unlawful discrimination, including by, but not limited to, taking reasonable and appropriate action if any violations of its policy are substantiated. Thus, to the

10

extent Plaintiff was the alleged victim of any claimed unlawful discrimination, which Defendant denies, Plaintiff unreasonably failed to take advantage of the opportunities offered her by Defendant to prevent and correct the alleged harm or otherwise avoid the harm she allegedly suffered.

6.      **Legitimate, Non-Discriminatory Reasons** – Any adverse employment actions Defendant took against Plaintiff were wholly motivated by legitimate, non-discriminatory reasons.

7.      **Individuals Acting without Authority** – If Plaintiff's rights were violated, which Defendant denies, any such conduct or violation was the result of individuals acting outside the scope of their employment with Defendant and without Defendant's consent. Defendant does not and did not authorize, condone, ratify, or tolerate unlawful discrimination. Defendant instead prohibits such conduct. Defendant therefore is not responsible for any such conduct through the principles of agency, vicarious liability, *respondeat superior*, or otherwise.

8.      **No Causation** – To the extent Plaintiff has suffered any damages, which Defendant denies, such damages were the result of Plaintiff's own conduct or omissions. The claims advanced by Plaintiff also are barred, in whole or in part, by the fact that Defendant's actions or omissions, if any, did not proximately cause Plaintiff's damages, if any.

9.      **No Willful, Intentional, or Reckless Conduct** – Defendant did not willfully, intentionally, or recklessly disregard or deprive Plaintiff of any rights to which she may have been entitled. On the contrary, Defendant acted at all times with good faith and with a reasonable belief it had not violated any statute or law with regard to Plaintiff.

10.     **Job-Related Necessity** – Any employment decisions made by Defendant regarding Plaintiff were job-related, consistent with business necessity, and not intentionally made or imposed to contravene the prohibitions by any statute or law.

11.     **Good Faith** – To the extent Plaintiff's claims rest upon any actions of Defendant taken in good faith reliance on the constructions, interpretations, opinions, and applications of Chapter 21 of the Texas Labor Code by the appropriate administrative agencies, commissions, regulatory agencies, or courts empowered or authorized by the Texas Legislature to make such constructions, interpretations, opinions, and applications, such claims are barred in whole or in part. Additionally, the recovery Plaintiff seeks is, in whole or in part, foreclosed by the fact that Defendant's actions (or omissions), if any, were conducted in good faith, based on good cause, and with a reasonable belief they did not violate any federal or state law. Defendant in fact had legitimate, non-discriminatory reasons for any action it took against or in relation to Plaintiff.

12.     **No Change in Employment Decision** – If a fact finder determines any unlawful reason as prescribed by Chapter 21 of the Texas Labor Code was a motivating factor in any employment decision concerning Plaintiff, which Defendant denies, Defendant would nonetheless have made the same employment decision regardless of the alleged discriminatory animus.

13.     **Failure to Mitigate & Offset** – To the extent Plaintiff has suffered any damages or losses, which Defendant denies, Plaintiff has failed to exercise reasonable care and diligence to mitigate such damage or losses. Such damage or losses also should be offset by any and all interim earnings, including but not limited to: unemployment compensation, workers' compensation benefits, and benefits Plaintiff earned from alternative or post-termination employment.

14.     **Damage Limitations** – Plaintiff's claims for damages and losses, if any, are subject to all applicable limitations on damages, including but not limited to: Section 21.2585 of the Texas Labor Code; Chapter 41 of the Texas Civil Practice & Remedies Code; and the Due Process Clauses of the Texas and United States Constitutions. Under Texas Civil Practice and Remedies Code § 41.007, Plaintiff also may not seek an award of prejudgment interest on any claim of

exemplary or punitive damages. Plaintiff's claim for exemplary or punitive damages additionally may not exceed the statutory limits prescribed in Texas Civil Practice and Remedies Code § 41.008(b) or elsewhere under Texas law.

15.     **Equitable & Other Defenses** – Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel, judicial estoppel, collateral estoppel, res judicata, *in pari delicto*, and unclean hands.

16.     **After-Acquired Evidence Doctrine** – The relief sought by Plaintiff may be barred, in whole or in part, by the after-acquired evidence doctrine.

Defendant reserves the right to amend its pleadings to assert additional defenses that may become apparent during the course of this lawsuit, as permitted by the Texas Rules of Civil Procedure and this Court.

## C.     ATTORNEYS' FEES, COSTS, AND EXPENSES

As a result of the allegations and claims advanced by Plaintiff in her Complaint, Defendant has been required to retain legal counsel to represent it in this action. Accordingly, Defendant may be entitled to recover, to the extent permitted by law, all reasonable attorneys' fees, costs, and/or expenses incurred.

## D.     PRAYER

Defendant Whataburger Restaurants, LLC prays that, upon final hearing or determination, the Court dismisses this lawsuit in its entirety with prejudice and grants Defendant any attorney's fees, costs, or any other relief to which it may be entitled.

Respectfully submitted,


/s/ Shannon B. Schmoyer
Shannon B. Schmoyer
Texas Bar No. 17780250
sschmoyer@sr-llp.com
Laura C. Emadi (*application to Northern District pending*)
Texas Bar No. 24105838
lemadi@sr-llp.com
Schmoyer Reinhard LLP
8000 IH 10 West, Suite 1600
San Antonio, TX 78230
Phone:     (210) 447-8033
Fax:        (210) 447-8036

Harrison M. Smith
HMS Law
harrison@hms.law
9288 Huntington Square
North Richland Hills, TX 76182
Phone:  (682) 348-4120

**ATTORNEYS FOR DEFENDANT
WHATABURGER RESTAURANTS LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served *via CM/ECF* to:

Austin P. Campbell
Robert J. Wiley
Law Office of Rob Wiley, P.C.
2613 Thomas Avenue
Dallas, Texas 75204
Telephone: (214) 528-6500
Facsimile: (214) 528-6511
acampbell@robwiley.com

on this 14th day of September, 2023.

/s/ *Laura C. Emadi*
Laura C. Emadi